March 25.
Judge Coalter,
delivered the opinion of the court.
The court is of opinion, that this is a proper case for the consideration of the superior court of chancery, under that part of the act of assembly, concerning guardians, orphans, &c., which prescribes the mode by which a guardian may procure a sale of the real estate of his ward ; and that if any tiling occurred in relation to the appointment of the guardian ad litem, or in olher respects, which was not satisfactory to the chancellor, so that, in Ms opinion, further proceedings were necessary to enable him to pronounce a decree on the merits, the bill ought not to have been dismissed, but such further proceedings directed.
The court is further of opinion, that in exercising his jurisdiction, under the act aforesaid, the chancellor is *400 necessarity confined to the objects pointed out by the act, to wit: to decree a sale of the property of the infants, provided, it manifestly appears to be their interest, that such sale should take place, and that the rights of others, w¡|| n0(; jje violated thereby; and finally to direct and secure the investment of the fund for their benefit, in such manner as to the court may seem best. That part of the bill, therefore, which seeks to apply the proceeds of the sale to the exoneration of James Loving's personal property, from the debts by which it is probably bound, for aught that at present appears in the record, is not necessarily connected with a fair and proper sale of the land.
Should the decree, directing the. investment of the fund, authorise its being invested, to a given extent, in any species of property belonging to the said James Loving, it will be for the consideration of the court, and those executing such decree, whether it will be advisable to invest it there, or not.
As to those whose rights are not to be violated by the decree; the court is of opinion, that in relation to the creditors of the said James Loving, either prior or siibsequent to the execution of the deed of the 24th of August, 1819, if there be any such, who may hereafter be enabled to charge this land with their debts, such charge must of course continue to exist against the fund arising from the sale thereof; and the decree ought to provide, that the fund so raised and invested, is to stand charged with the debts of the said Loving in like manner as they would have been charged on the land aforesaid, had these proceedings never taken place : and it may, therefore, be worthy of the consideration of the chancellor, should an investment of any portion of the fund in personal property be decreed, and James Loving shall hold any such property, which can be acquired on fair terms, whether it will not be proper to invest it there, and to provide that the consideration shall be paid to his creditors, in exoneration of any possible charge fay them on the said fund; *401 and in like manner to apply the proceeds of the property conveyed by the deed of the 21st of October, 1819, to the discharge of those debts, if necessary, or to invest that also, as a portion of the fund belonging to the cestuique trusts ; subject, in like manner, to debts as aforesaid.
As to the rights of James Loving, in the trust property, and the contingent dower interest of Nancy, the wife of said James, the court is of opinion, that a sale of the property, subject to the latter, might greatly deteriorate the price, and probably ought not to be/made, unless she will unite in the conveyance, at least on such terms as to the court may seem proper, considering her interest still secured to her as a cestuique trust, under the deed and decree. And that James Loving must also unite in any sale and conveyance that is made.
As to any others who may possibly come into being, or who may be interested in the property, at or before the death of James Loving, other than those now before the court, it is possible that their interest will he most effectually guarded and benefited, by those proceedings which may be found necessary, for the interest and protection of those now before the court, aria who claim an immediate interest in, and a right to maintenance and education, out of the profits of the estate. Those parties are the presumptive, ultimate cestuique trusts, and are entitled to the immediate aid and protection of the court, so far, as that can be properly extended to them. They are the more especially entitled thereto, inasmuch, as if nothing is done to change the situation of the property, it cannot be foreseen how far creditors, up to the time even of the death of James Loving, may come in upon it, so as finally to defeat the rights of every one. But, nevertheless, the court is of opinion, that no sale can be made, except sub” ject to the rights of such future possible claimant. It will, therefore, be for the consideration of the chancellor, whether a fair and proper sale of the property, can be made under that condition, subjecting the fund, to be invested as *402 af°resa*d, to the purchaser for his indemnity, against any such possible claim ; of ail which he will judge, before the sale and arrangements are finally closed.
If, under all these circumstances, a sale, manifestly to jjie ¡nterest 0f ti,e infants, can be made, this court thinks it will be proper to decree the same, taking care that the proceeds thereof shall be properly invested and secured for the use of the cestuique trusts, according to their rights as they now appear, or may hereafter appear, or of any future cestuique trust, who may be entitled under the deed aforesaid, .with liberty to the parties, from time to time, to apply to the court for further directions.
The court is further of opinion, that unless the chancellor shall be satisfied, that it is necessary to appoint another guardian ad litem, or to take other steps to satisfy himself, that the interest of the infants, manifestly requires a sale of the estate as aforesaid, or should he ultimately be so satisfied, it will be competent for him, instead of directing a sale by his decree as aforesaid, to confirm that already made to Nathan Lofftus, under the. terms and conditions aforesaid, provided he is willing to abide thereby, and James Loving, and Nancy his wife, are also willing to unite in the conveyance, and to invest and secure the proceeds thereof, as aforesaid, in the same manner, as if such sale had originally been made, in pursuance of a decree of the court.
The decree of the superior court of chancery is, therefore, reversed, but without costs; and the cause is remanded to that court, to be further proceeded in according to the principles above declared.