## SAVERY *v.* SYPHER.

1. An attorney-at-law having no power *virtute officii* to purchase for his client at judicial sale land sold under a mortgage held by the client, the burden of proving that he had other authority rests on him.

2. On an application to a court in equity to refuse confirmation of a master's sale and to order a resale—a case where speedy relief may be necessary—the court may properly hear the application, and act on *ex parte* affidavits on both sides, and without waiting to have testimony taken with cross-examinations.

APPEAL from the Circuit Court for the District of Iowa.

Keene having conveyed to Savery a piece of land, Savery gave him a mortgage on the same to secure the purchase-money. Keene died before receiving payment of this money; and the administratrix of his estate, Mrs. Sypher, filed a bill to foreclose the mortgage. Answers and replications were put in, but no proofs were taken, and when the cause was called for hearing, the parties, by their attorneys, in open court agreed on the amount that was due, and a regular decree of foreclosure in the usual form was entered by the court. The money not having been paid by the day appointed, the property was advertised and struck off by the master at the instance of White, the attorney of record, to Mrs. Sypher, the administratrix, in satisfaction of the decree. A controversy now arose between Savery and Mrs. Sypher,

the administratrix, as to whether this sale thus made to her by order of her attorney White, should be confirmed.

It appeared that Savery had been desirous of returning the land to Keene's estate, and of having the mortgage cancelled. Negotiations were accordingly had between the parties. Whether, as converting personalty into realty, they resulted in an agreement obligatory on the administratrix, was one question raised; the validity of it being denied by the counsel here of the appellee. In any case, there was conflict in the testimony as to the terms of the agreement. Mrs. Sypher swore that she consented to receive the property, provided it was returned to her in the same condition as when it was conveyed to Savery, and that she positively refused to sign written stipulations, concerning the sale and purchase which were presented to her for her signature before the sale by her attorney, White, and afterwards by Seeley, his clerk, because the stipulations did not provide for a payment of the taxes that had become due on the property, about $300, since the sale or conveyance. Savery, who was also sworn, contradicted this statement in material points, and he was sustained by White, while Seeley and another witness, Mrs. Price, directly supported Mrs. Sypher. Upon this case—*which on each side was made wholly by* ex parte *affidavits*—the court below refused to confirm the master's sale, and ordered a resale of the property. Savery appealed to this court to have those proceedings reviewed.

*Mr. Ashton, for the appellant:*

1. *On the facts.* The court below was not justified, upon the affidavits before it, in finding that the appellant had ever promised to pay the taxes due on the land.

2. *On the law.* The court below erred in attempting to determine the issue, raised by the motions, upon these *ex parte* affidavits. The question of fact, as to the existence of the agreement set up by the appellee, should have been determined only after a full opportunity had been given to the appellant to cross-examine her witnesses before an examiner or master in chancery, and to contradict them by counter

evidence. No other form or method of investigation, was adequate to the real purpose in view, to wit: the ascertainment by the court of the fact alleged by the appellee, in avoidance of her purchase.*

*Mr. P. Phillips, who filed a brief for Messrs. Mason, Polk, and Hubbell, contra.*

Mr. Justice DAVIS delivered the opinion of the court.

On the issue of fact the court heard evidence and decided the case adversely to the appellant, and we think correctly. The burden of proof was imposed on Savery, who seeks to confirm the sale, to show the authority of White; for an attorney, *virtute officii*, has no authority to purchase property in the name of his client. If the negotiations between Savery, the appellant, and the administratrix, Mrs. Sypher, resulted in a valid agreement, binding on the administratrix, there is direct conflict in the testimony as to the terms of it. In number of witnesses, the case is in favor of the decree, and there is nothing in the record to enable this court to pass either upon the veracity or intelligence of the several parties. Doubtless, the court below placed great reliance on the evidence of Mrs. Price and Mr. Seeley, who were unconnected with the transaction, and wholly disinterested.

As this whole controversy turns on the payment of taxes—not involving a large amount—it seems extraordinary that the appellant did not end it, by paying the taxes, and thus secure the confirmation of a sale, in which he had such a great personal interest.

The power of Mrs. Sypher as administratrix, to make such an agreement as it is alleged she did, was denied at the bar, but it is unnecessary to discuss the point, as we find, that the purchase by White for her was unauthorized, and in violation of the real agreement under which she was willing to take back the mortgaged property.

It is argued, that the Circuit Court erred in determining the issue raised by the motion upon *ex parte* affidavits. Not

---

* See Daniels's Chancery Pleading and Practice, 1518; Id. 1237.

so; for courts of equity must be able to act in a summary manner upon motions of this kind, and any other mode of investigation than the one adopted in this case, would have failed to give the speedy relief necessary under the circumstances. The practice pursued by the court was the usual and proper practice, and we see no good reasons to depart from it.

DECREE AFFIRMED.