IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

## Richmond.

### GRESHAM v. EWELL, JUDGE.

Absent, *Richardson*, J., and *Hinton*, J.

June 6th, 1888.

1. JURISDICTION—*Visiting Judge—Record.*—When the county judge is shown by the record to be unable to preside by reason of absence, inability, or improper situation, as respects the case, the judge of another county may hold the term, or any part of it. Acts 1884, p. 748, (§ 3049, Code 1887.)

2. PROHIBITION—*Case at Bar.*—County judge of one county presided at trial of a cause in another county without entering upon record that the regular judge (personally present) was, in his opinion, so situated as to make it improper for him to preside:

HELD:

    The judgment is void, and its enforcement should be restrained by a writ of prohibition.

Error to judgment of circuit court of Lancaster county, rendered May 5th, 1888, in vacation, on the petition of the plaintiff in error, S. P. Gresham, to the judge of said court, praying for

a writ of prohibition to a judgment of the county court of said county, which petition was denied. Opinion states the case.

*J. B. Sener*, and *Jno. S. Wise*, for the plaintiff in error.

*R. R. Tucker*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Lancaster in prohibition, rendered May 5, 1888, in vacation, refusing the writ upon the petition of the plaintiff in error, who prayed for the same against a judgment of the county court of Lancaster rendered at the September term, 1887. The case was a contested election for the office of clerk of said county court. Upon the trial the election was declared invalid, and the office of clerk of the county court of Lancaster declared vacant. This judgment is claimed to be void, because it was not rendered by any person authorized to render such judgment. It is conceded that the judge of that court did not preside at the trial of the case, although personally present. It is also conceded that the county judge of another county did preside at the said trial. It is further conceded that the said visiting judge went upon the bench, and presided and acted as judge, and rendered said judgment, without any order from the judge of that county entered upon the record that he was so situated as to render it improper in his judgment for him to decide or preside at the trial of the cause in question. It·is admitted that the law upon the subject provides as follows: "If any judge of the county court be unable or fail to attend a regular term of his court, or be prevented from sitting during the whole term or any part thereof; or if any judge of a county court be so situated as to render it improper in his judgment for him to decide or preside at the trial of any cause, and it be so entered of record; or if from death or any other cause there be no judge of such county court—the

judge of any other county court may hold said court either for the whole term or any part thereof." Act March 14, 1884, p. 748. The principles governing the issuance of the writ prayed for have been set forth in a recent decision of this court reported in *Nelms* v. *Vaughan*, 84 Va. 696, and cases cited, and are familiar and well understood. It is not pretended that the cause originally, nor that some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court. The jurisdiction of the county court is conceded.

The jurisdiction of the court being admitted, it is nevertheless claimed that the court as organized had no jurisdiction for any purpose whatever; that the supposed judge was without jurisdiction in that county, his jurisdiction being expressly limited by law to some other subdivision of the State; and that the lawful judge not being absent, but present, and no order having been entered of record, that he was so situated as to render it improper in his judgment for him to decide or preside at the trial of that case; that he exceeded his jurisdiction in acting as judge without the authority of the law, and the said judgment is without authority, and null and void. And this seems to be clearly so. He was not authorized to sit in that court except under certain circumstances prescribed by law, and the law's prescript was not complied with. He does not appear to have had any more right to preside and render a judgment in that court than any other person there present not the judge of that court. A lawyer may preside as judge in this state in some of the courts, upon the entry of a certain order provided by law, but that could not be held to vest any lawyer with such authority, and his rendition of a judgment without it would doubtless be held a nullity. A county court judge may sit as judge in a cause in another county when the lawfully qualified judge of that county is absent, or fails to attend, or is situated in a prescribed way, and it be entered of record. It is only when such entry is made that the law gives the authority; the jurisdiction

and authority from any other source is merely self assumed. The legislature doubtless had reasons satisfactory to that body when this provision was inserted in the law; for the provision, "and it be so entered of record," is an amendment to the former law. But, be that as it may, so the law is written, and I see no principle which can exempt this county judge, or this cause, or these parties, from its operation; and the writ should be granted, and the order of the circuit court of Lancaster reversed and annulled, and the county court of Lancaster prohibited from enforcing the said judgment, which, having been rendered without the authority of the law, by a person not authorized to render such judgment, is in excess of jurisdiction, null and void, and may be so regarded whenever called in question.

LEWIS, P , *dissenting,* said:

As the opinion of the court in this case proceeds upon the ground that the judgment of the county court is void, I am constrained to dissent. The judgment is held to be void, because no entry was made on the record assigning a reason for the failure of the regularly elected and qualified judge of the court to sit in the case in which the judgment was rendered; and this ruling is based upon the act of March 19, 1884, now carried into section 3049 of the Code of 1887. I do not so construe the statute. In my opinion, such entry is made necessary by the statute only when the judge of the court is so situated as to render it improper, in his judgment, for him to preside at the trial. This seems to me to be so obviously the correct construction of the statute as to admit of no doubt. Suppose, for example, the judge from sickness is unable to attend, or for any reason is prevented from attending the court. How, in such a case, if the view taken in the opinion of the majority of the court be correct, is the court to be opened at all? And yet, if I correctly understand that opinion, an entry of some sort on the record is essential to give authority to another county judge to hold the

court, for a single moment, in any case. Authority from any other source, it is said, is self assumed. Surely this could not have been the intention of the legislature.

It is, moreover, assumed in the opinion that the judge of the court was present, though not presiding, during the trial. Indeed, it is said that the fact of his presence at the trial is conceded. But this, I think, is a mistake. I do not find any such concession in the record. The petition for the writ, it is true, alleges that "the said John C. Ewell, county judge of Lancaster county, was neither unable, nor did he fail to attend the said September term of said county court, but, on the contrary, was at the courthouse of the said county on each of the days of said term; nor, as your petitioner believes, was he, by reason of ill health, prevented from sitting daily," etc. But of this there is no proof, nor is it admitted in the answer.

But admit the allegation to be true. Does that make the judgment *void?* I think clearly not. This is not a direct proceeding to reverse the judgment, nor, as the law now is, does a writ of error lie from this court in a case of a contested election of county officers. The judgment is collaterally assailed, and being a judgment rendered by a court of general jurisdiction, acting within the scope of its powers, and proceeding according to the course of the common law, and held at the time by one of the county judges of the state, it must, I think, be held to be valid. For no principle is better established than that a judgment of such a court, when collaterally drawn in question, is not affected by errors or irregularities which do not show a want of jurisdiction, or an excess of jurisdiction, on the part of the court by which it was rendered. Indeed, as was said by Mr. Justice Miller in *Cooper* v. *Reynolds*, 10 Wall. 308, this principle has been so often held by all courts, that it takes rank as an axiom of the law; and in no court has it been more emphatically asserted than by this court. See *Lancaster* v. *Wilson*, 27 Gratt. 624; *Pulaski county* v. *Stuart, Buchanan & Co.*, 28 Id. 872; *Pennybacker* v. *Switzer*, 75 Va., 671; *Woodhouse* v. *Fillbates,*

77 Id. 317; *Wimbish* v. *Breeden,* Id. 324; *Wilcher* v. *Robertson,* 78 Id. 602.

And it is equally well settled that a judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, even when directly assailed in an appellate court. *Harman* v. *City of Lynchburg,* 33 Gratt. 37; *Hill* v. *Woodward,* 78 Va. 765. Every intendment is made to support the judgment, and the rule is that nothing shall be intended to be out of the jurisdiction of a superior court—that is, a court of general jurisdiction—but that which specially appears to be so. Broom's Leg. Max., 952; 1 Smith's Lead. Cas., notes to *Crepps* v. *Durden.* The county court of Lancaster county is a court of that character. *Kempe's Lessee* v. *Kennedy,* 5 Cranch, 173; *Pennybacker* v. *Switzer, supra.* And it is hardly necessary to say that the correctness of a judgment, when assailed, must be determined upon the facts apparent on the face of the record; for the court will not look outside of the record to consider anything which is not properly a part of the record. The case of *Roanoke Land and Improvement Company* v. *Karn & Hickson,* 80 Va. 589, is an authority upon this point.

These familiar principles, it seems to me, are decisive here. Strange to say, the record of the proceeding in the county court is not before us. A copy of it is not exhibited with the petition, or produced at all. It is conceded, however, that the record, if here, would not show affirmatively that Judge Ewell was unable or failed to attend the court, or that he was prevented from sitting during the whole or any part of the September term, 1887, at which the judgment was rendered, or that he was so situated as to render it improper for him, in his judgment, to preside at the trial. Upon these points, it is said, the record is silent. In his answer, however, to the petition for the writ, he distinctly avers that he was not so situated as to render it improper, in his judgment, for him to sit in the case, nor is it pretended that he was. What, then, must we presume, independently of the averments in the answer? Clearly, I think,

that he was unable to attend, or for some reason was prevented from attending, the court during the trial; and if such was the fact, and my construction of the statute be correct, then there was no necessity for an entry on the record to authorize Judge Blakey to preside, as he did. The maxim, *omnia praesumuntur rite esse acta* applies, and with *conclusive* force and effect. *Woodhouse* v. *Fillbates*, 77 Va. 317. It matters not, therefore, whether, in point of fact, Judge Ewell was present at the trial or not. The record of the proceedings does not show that he was, and, for reasons of public policy, nothing *dehors* the record can be considered. Freem. Judgm., secs. 124–132 ; *Ex parte Easton*, 95 U. S. 68. And even if the rule were otherwise, the result in the present case would be the same.

In short, my opinion is, that the provisions of the statute above referred to are directory merely, and that the county court having undisputed jurisdiction of the case in which the judgment was rendered, a failure to comply with the requirements of the statute could not affect the validity of the judgment in this collateral proceeding. The writ of prohibition cannot be permitted in a case like this to take the place of a writ of error or of an appeal, though they are in some cases concurrent remedies. *Board of Supervisors of Culpeper* v. *Gorrel*, 20 Gratt. 484, 522.

Moreover, independently of these considerations, the case is not a proper one, in my opinion, for a prohibition, so far as the judgment of the county court is concerned. That judgment is a final judgment, and nothing further remains to be done under it; not even the collection of costs, for it very properly gave no costs to either party. *West* v. *Ferguson*, 16 Gratt. 270. What, then, is there to be prohibited? Blackstone says the writ of prohibition is "directed to the judge and parties of a suit in any inferior court, commanding them *to cease from the prosecution thereof*, upon a suggestion that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court." 3 Bl. Comm. 112. Accordingly, it has been long settled that

prohibition will not lie after the cause is ended. *Hall* v. *Nor-wood*, Sid. 165; *United States* v. *Hoffman*, 4 Wall. 158; *Ex parte Easton, supra.*

It is true the judgment of the county court was affirmed by the circuit court of Lancaster county, and that Gresham, the plaintiff in error here, was adjudged by the latter court to pay the costs of the proceedings, not only in that court, but in the county court also; which judgment of affirmance was ordered to be certified to the county court. It is also true that the petition for the writ of prohibition prays that the county court be prohibited from enforcing the last mentioned judgment as well as its own judgment; nor can it be denied that the circuit court, in rendering judgment for costs in the county court, exceeded its jurisdiction, inasmuch as costs, *eo nomine*, are not recoverable at common law, and there is no statute authorizing the recovery of costs in a contested election case in a county court. *West* v. *Ferguson, supra.* But this does not affect the validity of the judgment of the circuit court any further than the provision therein respecting the payment of costs in the county court, since the principle is well established that a judgment may be partly void, because the court, in rendering it, exceeded its jurisdiction, and yet valid to the extent that it is within the jurisdiction of the court. *Ex parte Lange*, 18 Wall. 163; *Wade* v. *Hancock & Agee*, 76 Va. 620. And the present case, I think, comes within this principle.

I therefore dissent from the opinion of the court.

JUDGMENT REVERSED AND WRIT ALLOWED.