No. 13,645.

## LITTLETON *v.* SMITH ET AL.

JUDGMENT.—*Injunction.—Special Judge.—Irregular Appointment.—Collateral Attack.*—A party can not have the collection of a judgment enjoined, as being void, by alleging matter *dehors* the record, showing that the special judge who presided at the trial of the cause was not regularly appointed; it is only where the record affirmatively shows the presiding judge's want of authority that a collateral attack will lie.

From the Clinton Circuit Court.

*S. O. Bayless, J. V. Kent* and *J. W. Merritt,* for appellant.
*M. Bristow* and *M. B. Beard,* for appellees.

MITCHELL, J.—This was a proceeding by Littleton against George A. and Mark C. Smith, and John A. Petty, the latter being the sheriff of Clinton county, to enjoin the collection of a judgment recovered by the Smiths against Littleton in the Clinton Circuit Court.

The plaintiff's case proceeds upon the assumption that the judgment, the collection of which is sought to be enjoined, is absolutely void, and that it may be so treated in this collateral proceeding.

It appears from the complaint that the original action was commenced in the Clinton Circuit Court, and that, upon due application, the venue was afterwards changed to the Tippecanoe Superior Court. The cause was afterwards returned to the Clinton Circuit Court, whereupon Perry W. Gard, Esq., a competent attorney and member of the bar of the latter court, was, by the mutual agreement of the parties, chosen and appointed as special judge to try the cause. The trial proceeded, without objection, before the special judge so appointed, the result being a judgment against the appellant. It is now insisted that the judgment so given and rendered was, and is, absolutely void because the special

judge was not appointed in writing, and for the further reason that he did not take and subscribe the oath which the statute requires to be administered to special judges. Moreover, it is claimed that the judgment is void for the further reason that the transcript had not been returned from the Tippecanoe Superior Court until after the judgment in question had been rendered. This is an attempt to impeach and invalidate a judgment rendered by a court of general jurisdiction by alleging matter *dehors* the record. It is, therefore, a collateral attack, and can not succeed.

Where the record of a court of general jurisdiction, either affirmatively or by the presumptions which attach to it, shows that a judgment has been rendered against a party over whom the court had acquired jurisdiction, any attack, the sole purpose of which is to have the judgment declared void by proving matter *dehors* the record, is a collateral attack, and can not be made by a party to the judgment. *Harman* v. *Moore*, 112 Ind. 221.

The appointment of special judges is authorized and provided for by the statute. The complaint shows that a special judge was appointed, by mutual agreement, in the original case, and that the trial proceeded to judgment before him without objection, either in respect to the regularity of the appointment, the qualification of the judge, or that the transcript had not been returned from the Tippecanoe Superior Court. These objections are not now available in this collateral proceeding.

One who desires to assail the authority, or the regularity of the appointment, of a special judge who was competent and might properly have been appointed, must do so in the original proceeding. After judgment has been rendered, unless the record affirmatively discloses the want of authority of the presiding judge, his appointment can not be successfully assailed. *Schlungger* v. *State*, 113 Ind. 295, and cases cited; *Board, etc.,* v. *Courtney*, 105 Ind. 311; *Reid* v. *Mitchell*, 93 Ind. 469; *Rubush* v. *State*, 112 Ind. 107;

*State, ex rel.,* v. *Murdock,* 86 Ind. 124; *Powell* v. *Powell,* 104 Ind. 18, 29.

Where there is no written appointment shown by the record, and objection is seasonably made in the court below, a reversal may follow on appeal.

The judgment is affirmed, with costs.

Filed June 5, 1889.