# Richmond.

SMITH AND OTHERS v. WHITE, TRUSTEE, AND OTHERS.

November 21, 1907.

Absent, Keith, P., and Cardwell, J.

1. APPEAL AND ERROR—*Objections For The First Time—Disqualification of Judge—Evidence—Clerk's Certificate.*—The objection that a judge of a circuit court of a circuit adjoining that in which the suit was brought, or that a city judge presiding at the hearing of a cause without designation by the governor, as required by statute, cannot be made for the first time in this court; nor can the fact that the resident judge failed to enter of record his disqualification to sit be made to appear by the certificate of the clerk of the non-existence of such an entry. Such certificate is no part of the record. The custodian of documents and records cannot establish their non-existence in his office by his certificate to that effect, but must be sworn and examined as any other witness.

2. APPEAL AND ERROR—*Disqualification of Judge—Evidence—Presumption.*—The entry of record, required by statute, of the inability of a judge to sit in a case, is not an order or decree in the case, and the failure of the transcript of the record for an appeal to disclose such an entry is no evidence that the entry was not made, although certified by the clerk to be "a true and correct transcript and copy of all papers, evidence, certificates, orders and decrees as appear of record in my office." Where the court is one of general jurisdiction, having jurisdiction of the subject matter and the parties, and the presiding judge is one authorized to sit in the place of the disqualified incumbent, it will be presumed that the presiding judge acted under proper authority if the contrary does not affirmatively appear of record.

3. WILLS—*Construction—Gift to Wife and Children.*—A testator, by his will, declares: "The residue of my property of every kind I devise to my executor, to be held in trust for the use and benefit of his wife and children, except his two elder sons. The income only of the amount thus devised shall be at *the* disposal during her life. She

may, however, dispose of the whole amount by will, to take effect after her death, in the arrangement of which I desire her to take the advice of her husband."

*Held:* The wife and children, except the two elder sons, are jointly entitled to the income of the property during her life, and if she fails to dispose of the *corpus* by will, then it will pass to the said children and the heirs of the wife jointly.

4. SALE OF INFANTS' LANDS—*Conditional Sale Before Suit—Confirmation—Evidence Required.*—In a suit brought under the statute for the sale of lands of persons under disabilities, a conditional sale made before suit brought may be approved and confirmed by the court as well as a sale directed, but, in either case, it must be clearly shown as a condition precedent to such confirmation or order of sale, independently of any admissions in the answers, that the interests of the infants, insane persons, or beneficiaries in the trust, as the case may be, will be promoted thereby.

5. SALE OF INFANTS' LANDS—*Affidavits as to Property—Other Judicial Sales.*—While affidavits are admisible upon the question of the confirmation of an ordinary judicial sale, the propriety of making a sale under section 2616 of the code, or of confirming a conditional sale, made before suit brought under that section, cannot be determined upon *ex parte* affidavits.

Appeal from a decree of the Circuit Court of Albemarle county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Walker & Sinclair* and *C. W. Allen,* for the appellants.

*Perkins & Perkins* and *White & Long,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The first error assigned is that the court had no jurisdiction of the case, because the record shows that Judge Christian, of the corporation court of the city of Lynchburg, who entered the decree appealed from, had no authority to sit in the case.

The appellee instituted this suit in the circuit court of Albe-
marle county, of which he was judge, for the sale of certain
real estate which he held in trust, and for the construction of
the clause of the will under which he held the trust estate
sought to be sold.  By section 3049 of the code of 1904 it is
provided, among other things, that "If the judge of any circuit
or city court * * * is so situated as to render it improper in his
judgment for him to decide any case or proceeding, or to pre-
side at any trial, civil or criminal, pending therein, unless said
case or proceeding is removed as provided by law, the fact shall
be entered of record by the clerk of said court, and at once cer-
tified by him to the governor, who shall designate a judge of
some circuit court or of some city court for a city of the first
class to preside at the trial of such cause or hold such term."

Appended to the transcript of the record filed with the peti-
tion for an appeal is a certified statement of the clerk of the
court, made at the request of appellants' counsel, that the fact
that Judge White was disqualified from sitting in the cause
was not entered of record by the clerk nor certified by him to
the governor.

This certificate is no part of the record in the case.  The
question of Judge Christian's right to sit in the cause was not
raised in the trial court, and if it had been and the certificate
in question had been offered in evidence to show that no such
entry had been made, it would not have been admissible if ob-
jected to; for by the common law rule (and that rule has not
been altered by statute in this state) the custodian of documents
or records has no authority to certify that a specific document
does not exist in his office, or that a particular entry was not
made on his records.  He cannot establish the *non-existence* of
a particular document or entry by a certificate to that effect,
but must be sworn and examined as any other witness. 3 Wig-
more on Ev., sec. 1678, p. 2109; *Greer* v. *Ferguson,* 104 Ga.
552, 30 S. E. 943, 945-6.

But it is claimed that the clerk's certificate to the copy of the record accompanying the petition for appeal—that it "is a true and correct transcript and copy of all papers, evidence, certificates, orders and decrees as appear of record in my office" in the cause—shows that no entry had been made of the fact that Judge White was so situated that it was improper for him to sit in the case.

The entry which the statute required the clerk to make was not an order or decree in the case, but was a mere statement of fact which he was required to enter of record. It does not, therefore, affirmatively appear from the record that the fact of Judge White's disqualification to sit in the case was not entered of record as required by the statute.

The circuit court of Albemarle county being a court of general jurisdiction, having jurisdiction both of the subject matter and the parties in this case, and the judge of another circuit or of a city court of the first class being authorized to sit in place of the disqualified incumbent under certain circumstances, it will be presumed, that Judge Christian, in sitting in the cause, acted under proper authority, the contrary not affirmatively appearing from the record. There is some conflict in the authorities upon this point, but the weight of authority and the better reason is in favor of the view here taken. See 23 Cyc. 562 and cases cited in notes 4 and 5; *People* v. *Ah Lee Doon,* 97 Cal. 171, 31 Pac. 933; *Riggs* v. *Owen,* 120 Mo. 126, 25 S. W. 356; *State* v. *Newman,* 49 W. Va. 724, 39 S. E. 655; *Littleton* v. *Smith,* 119 Ind. 230, 21 N. E. 886; *Forrer* v. *Coffman,* 23 Gratt. 871; *Galpin* v. *Page,* 18 Wall. 350, 21 L. Ed. 959.

The case of *Gresham* v. *Ewell, Judge,* 85 Va. 1, 6 S. E. 700, is relied on by the appellants as sustaining their contention; but as we understand that case, it does not do so. In that case, it was conceded that the fact of the disqualified judge's inability to sit in the case was not entered of record as required by the statute, so that it affirmatively appeared in the view of the

majority (two judges out of a court of three) that the visiting judge was without authority to enter the judgment complained of; and this was the ground of their decision as we construe it.

One of the objects of this suit was to obtain a construction of the 14th clause of the will of Dr. Cabell. That clause is as follows: "The residue of my property of every kind I devise to my executor, to be held in trust for the use and benefit of his wife and children, except his two elder sons. The income only of the amount thus devised shall be at the disposal during her life. She may, however, dispose of the whole amount by will, to take effect after her death, in the arrangement of which I desire her to take the advice of her husband."

If the testator had stopped at the end of the first sentence of that clause, and it constituted all that related to the gift, it could not be doubted that, under the decision of *Fitzpatrick* v. *Fitzpatrick,* 100 Va. 552, 42 S. E. 306, 93 Am. St. Rep. 976, and the authorities there cited, the wife and children, except the two elder sons, would take a joint fee simple estate in equity in the property devised. In the case of *Fitzpatrick* v. *Fitzptrick,* the gift was to the wife and children, whilst in this the gift is to the executor, to be held in trust for the benefit of his wife and children. But the mere fact that the property is to be held in trust does not change the rights of the donees except to make it an equitable instead of a legal estate. That it was the intention of the testator that the children should take an interest in the gift as well as the mother, is emphasized by the exclusion of the executor's two elder sons, who had been provided for in other clauses of the will. If the mention of the children was merely to show the motive for the gift to the wife, as must be held if the children are excluded, there was no necessity for providing that the two elder sons should take nothing under that clause, because in that view, none of the children would taken anything.

The interest or estate which would pass by the first sentence

of the clause, if it stood alone, is changed or modified in two particulars by the residue of the clause—First: That the income only of the devised property can be used during the life of the wife; and, Second: That the wife shall have power to dispose of the whole *corpus* by will.

It is contended on the one side, and the circuit court held, that the wife alone was entitled to the income of the property during her life. The language limiting the right to the use of the property during that time is as follows: "The income only of the amount thus devised shall be at *the* disposal during her life."

There is nothing in the language quoted which gives the wife the exclusive right to the income; neither is such right to be gathered from the context. The word "the" before the word "disposal" may be construed to mean "their" with as much, if not more, reason as to mean "her." The most that can be said is that the language of that sentence is ambiguous.

The general rule is that when words of a will, in the first instance, distinctly indicate an intention to make an absolute gift, such gift is not to be lessened or cut down by subsequent provisions which are not equally as clear and decisive as the terms by which it was created; and that where there are two apparently inconsistent and repugnant provisions in a will, the court will, as far as possible, reconcile them, and in so doing will endeavor not to disturb the first provision further than is absolutely necessary to give effect to the second. *Gaskins* v. *Hunton,* 92 Va. 528, 23 S. E. 885, and cases cited; *Hooe* v. *Hooe,* 13 Gratt. 245, 251-2, and cases cited.

Applying these principles of construction to the clause under consideration, we are opinion that the wife and the executor's children, other than the two elder sons, are jointly entitled to the income of the property devised during her life, and in the event the wife does not dispose of the *corpus* by will, then it will pass to the said children and the heirs of the wife jointly.

We are of opinion, therefore, that the circuit court erred in the construction it placed upon the will.

Amongst the property passing under that provision was an interest in a tract of land known as "Morven," which contained something over one thousand acres. Some time after the death of Dr. Cabell, Edward B. Smith, his executor, died, owning the remainder of that tract, which passed according to the law of descents to his wife and children. By a subsequent family arrangement, that interest was conveyed to his executors to be held by them in the same manner and upon the same terms as the property which passed by the 14th clause of Dr. Cabell's will, of which they were also the trustees. The complainant, Judge White, as substituted trustee, instituted this suit under the provisions of section 2616 of the code, to have confirmed a sale of that tract of land, which he had made upon the condition that it met with the approval of the circuit court of Albemarle county. The widow of E. B. Smith, deceased, her living children, the child of a deceased child, and the heirs of Dr. Cabell, among others, were made parties to the bill.

There was a demurrer in writing to the bill, in which two grounds were stated—one because the bill did not state all the estate real and personal held in trust. The bill was amended in this respect. The other ground of demurrer was, that the statute (section 2616 of the code) under which the trustee was proceeding, did not authorize a conditional sale of the trust property and a subsequent approval and confirmation by the court, but required that the trustee should first apply to the court for authority to sell.

The statute has been generally construed by the circuit courts as authorizing the court which has jurisdiction to order a sale, to approve and confirm a sale made by the fiduciary before suit is brought subject to the court's approval and confirmation, provided "it be clearly shown, independently of any admissions in the answers, that the interests of the infant, insane person or

beneficiaries in the trust, as the case may be, will be promoted, and the court is of opinion that the right of no person will be violated thereby \* \* \*," as required by section 2620 of the code. This practice has, we think, been beneficial to those in whose interest and for whose protection the statute was enacted, and is justified by the decisions of this court and the decided disposition it has shown to adopt the liberal rather than the strict rule of construction in interpreting the scope of a statute which it has held to be remedial in its nature. *Faulkner* v. *Davis,* 18 Gratt. 651, 669, 98 Am. Dec. 698.

In 1823, in the case of *Garland* v. *Lowry,* 1 Rand. 396, where a sale of land in which infants were interested had been made conditionally, a suit was instituted to have the contract ratified and the proceeds applied under the direction of a court of chancery to the objects of the trust, if it could be done, this court said: "The court is further of opinion, that unless the chancellor" (who had dismissed the bill) "shall be satisfied" (when the case goes back) "that it is necessary to appoint another guardian *ad litem,* or to take other steps to satisfy himself that the interests of the infants manifestly require a sale of the estate, as aforesaid, or should ultimately be so satisfied, it will be competent for him, instead of directing a sale by his decree aforesaid, to confirm that already made to Nathan Loftus, under the terms and conditions aforesaid, provided he is willing to abide thereby, and James Lowry and Nancy his wife are also willing to unite in the conveyance and to invest and secure the proceeds as aforesaid in the same manner as if such sale had originally been made in pursuance of a decree of the court."

In *Palmer* v. *Garland's Com.,* 81 Va. 544, where the committee of a lunatic filed his bill under the statute, to have the court's approval and confirmation of certain offers to purchase the lunatic's land, it was held that the court had authority under the statute in question, to approve and confirm the proposed sales where it appeared that the interests of the lunatic

would be promoted and the rights of no one would be violated by such sales.

Whilst in a proceeding under the statute a conditional sale made before suit brought may be approved and confirmed by the court, as well as a sale directed; in either case, however, it must be clearly shown as a condition precedent to such confirmation or order of sale, independently of any admissions in the answers, that the interests of the infants, insane persons or beneficiaries in the trust, as the case may be, will be promoted thereby.

The complainant proved that he had made the conditional sale at the request, or with the consent, of several of the beneficiaries under the trust, including the widow of E. B. Smith, deceased, and introduced documentary evidence and took the depositions of a number of witnesses and the affidavits of three persons to show that the conditional sale was for an adequate price, and would promote the interests of the beneficiaries. On the other hand, Mrs. Smith, filed an answer in which, while admitting that the conditional sale had been made with her consent and approval, she alleged that it was a mistake, and opposed its confirmation. Other beneficiaries filed answers also, in which they opposed the confirmation of the sale. They also took depositions of an equal or greater number of witnesses to show that the consideration at which the sale was made was less than its real value, and that the interests of the beneficiaries would not be promoted by its confirmation. The testimony is very conflicting, and the record, excluding the affidavits filed by the complainant, which are objected to, does not *clearly* show that the price was adequate or that the interests of the beneficiaries would be promoted by the sale. The affidavits were *ex parte,* taken without notice, and filed on the day the case was submitted to the court for decision.

While affidavits are admissible upon the question of the confirmation of an ordinary sale made under a decree of court and

reported to it for confirmation (*Robertson* v. *Smith,* 94 Va. 250, 26 S. E. 579, 64 Am. St. Rep. 723), they are admitted largely upon the ground that courts in such cases must be able to act in a summary manner, and to avoid the delay which would result if depositions had to be taken. *Savery* v. *Sypher,* 6 Wall. 157, 159-160, 18 L. Ed. 822. But the reason for that practice has no application to a case in which the court has never considered or determined the propriety of a sale under section 2616 of the code.

As a general rule, in the absence of a statute authorizing it, affidavits are not admissible to establish the facts necessary to enable a court to enter a judgment or decree upon the merits of any case; and especially is this so in proceedings under section 2616 of the code, which involve the rights and interests of persons laboring as a rule under some disability.

We are of opinion, therefore, that the circuit court erred in approving and confirming the conditional sale made by the complainant trustee, since it did not clearly appear that the interests of the beneficiaries under the trust would be promoted thereby.

The decree appealed from will be reversed, and this court will enter such decree in the cause as the circuit court ought to have entered, construing the 14th clause of Dr. Cabell's will, and will remand the cause to the circuit court in order that the parties may take further evidence, if they be so advised, as to the propriety of confirming the sale or of selling the lands in the bill and proceedings mentioned.

*Reversed.*