## BAUMAN v. ESCHALLIER.

(Circuit Court of Appeals, Third Circuit. February 7, 1911.)

No. 1,383 (76).

1. ATTORNEY AND CLIENT (§ 95*)— SCOPE OF ATTORNEY'S AUTHORITY — PUR-CHASE OF PROPERTY AT EXECUTION SALE.

While an attorney has large discretionary powers in the conduct of a suit, he has no power, by virtue of his mere authority to conduct a suit and collect the judgment, to purchase property under the judgment for his client under the judgment, and thereby substitute such property for the money.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 185; Dec. Dig. § 95.*]

2. ATTORNEY AND CLIENT (§ 98*)—UNAUTHORIZED ACTS OF ATTORNEY — LIA-BILITY OF CLIENT.

Defendant, by her son, placed a real estate mortgage in the hands of an attorney for foreclosure. He took judgment on the bond, had an execution issued and the property sold thereunder, and bid it in for defendant for a sum exceeding the judgment. He afterward agreed to sell the property to plaintiff, and received the greater part of the purchase money, which he converted to his own use. As he did not pay his bid, the sheriff returned the execution, with a certificate that the property had not been sold. Defendant did not authorize the attorney to buy in the property for her, and had no knowledge of his agreement for its sale to plaintiff, and, while her son knew of the purchase after it was made, it did not appear that he was authorized to act in the matter for defendant, or that he in fact knew of or undertook to ratify the sale to plaintiff. Held, that there was no evidence on which defendant could be held liable to plaintiff for the money paid by him to the attorney.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 98.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action at law by Philip A. Eschallier against Hannah Bauman. Judgment for plaintiff, and defendant brings error. Reversed.

Langfitt & McIntosh, for plaintiff in error.

R. P. Tannehill, for defendant in error.

Before GRAY, and LANNING, Circuit Judges, and McPHERSON, District Judge.

LANNING, Circuit Judge. This writ is prosecuted to reverse a judgment against the plaintiff in error, Mrs. Hannah Bauman. Having through her son, Garrett Bauman, delivered for foreclosure to Joseph R. McQuaide, a lawyer in Pittsburg, Pa., a mortgage on a house and lot in that city, McQuaide caused judgment to be entered on the bond, which the mortgage secured, for the sum of $3,467.50, and caused the house and lot to be sold by the sheriff under execution issued upon the judgment. He had the property struck off by the sheriff to Mrs. Bauman, the plaintiff in the suit, for the sum of $3,100. Later he orally agreed to sell the house and lot to the present defendant in error, Philip A. Eschallier, for $3,350. Meantime, as McQuaide had failed to respond to the sheriff's demand for the $3,100, the sheriff returned the writ of execution, with a certificate that the property

had not been sold. Of course, no deed passed from the sheriff to Mrs. Bauman. Eschallier paid to McQuaide $3,180 on account of the agreed consideration of $3,350, upon the promise by McQuaide that a deed should be delivered to Eschallier. No deed having been delivered, Eschallier brought this action against Mrs. Bauman for the amount paid to McQuaide, and, as already stated, recovered judgment.

If Mrs. Bauman is liable, it is because McQuaide received the $3,180 as her agent. We find nothing in the record to support such a conclusion. McQuaide was her agent to foreclose the mortgage and have the mortgaged property sold by the sheriff; but he was not authorized to bid for Mrs. Bauman at the sheriff's sale. His relation to Mrs. Bauman was that of attorney to client. While an attorney has large discretionary powers in the conduct of a suit, he has no power, by virtue of his mere authority to conduct a suit and collect the judgment, to purchase property for his client, and thereby substitute such property for the money. Savery v. Sypher, 6 Wall. 157, 18 L. Ed. 822.

But it is contended that, though no authority was given to McQuaide to purchase the property for Mrs. Bauman or to sell it for her, the acts of McQuaide were subsequently ratified by Mrs. Bauman's son. This contention falls for two reasons: First, because there is no evidence to show that Mrs. Bauman's son had authority to represent her in any purchase or sale of the property; and, second, because, assuming he had such authority, there is no legal evidence that he ever ratified such purchase or sale. There is some evidence to the effect that the son had been informed that McQuaide had agreed to sell the property for $1,000 in cash and a mortgage for $2,000; but the case is wholly barren of any evidence that Mrs. Bauman's son ever knew the terms of the agreement between McQuaide and Eschallier until after McQuaide had fled from Pittsburg. No one can be held to have ratified the unauthorized act of an agent, unless he has knowledge of all the material facts. It is not pretended that Mrs. Bauman had any personal knowledge of an agreement by McQuaide to sell to Eschallier; and though it is claimed that her son had sufficient knowledge of the facts to bind Mrs. Bauman, the claim is not supported, for the reason that it assumes that knowledge by the son that McQuaide had agreed to sell the property for $1,000 in cash and $2,000 in a mortgage was a ratification of a sale for $3,350 in cash.

In our opinion there was no legal evidence of ratification of McQuaide's agreement with Eschallier, either by Mrs. Bauman or her son. We think the question of ratification was erroneously submitted to the jury. The judgment should be reversed, and judgment notwithstanding the verdict should be entered in favor of the plaintiff in error.

The plaintiff in error is entitled to costs.