# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

WOODHOUSE V. FILLBATES AND ALS.

March 22d, 1883.

## (Absent, *Lacy, J.**)

1. JURISDICTION—*County courts.*—In 1860 county courts had jurisdiction to sell decedent's real estate to pay his debts, though they did not have jurisdiction of guardian's suits to sell infants' real estate to promote their interests, or of partition suits where the shares exceeded in value $300.

2. IDEM—*Idem.*—Being then courts of general jurisdiction, every presumption must be made in favor of their proceedings when collaterally attacked. Unless want of jurisdiction or fraud is apparent their decrees must be sustained.

3. IDEM—*Loss of records.*—This presumption is especially applicable when from loss of any part of the record it is difficult to ascertain the ground whereon jurisdiction was taken in the particular case, and there is danger of injustice.

4. IDEM—*Presumption.*—If several grounds are apparent from the record, whereon the court might have acted, it is presumed to have acted on that ground which gave it jurisdiction, and not upon the others.

5. CASE AT BAR.—Prior to 1860 F. died intestate, indebted, leaving slaves and land; also a widow and infant children. At May term of the county court his administratrix brought her bill to sell the land in lieu of the slaves to pay the debts. The infants were made defendants, and the proceedings were regular. After proper inquiry and report, sale of the land was decreed. It was sold, sale confirmed, price paid, and conveyance made and recorded. In 1878 F.'s children, then adult, brought ejectment against purchaser, W., for the land. On trial jury found special verdict stating above facts. The court on the law adjudged for plaintiffs. On error to this court;

HELD:

    1. The county court had jurisdiction of the suit to sell the land to pay the debts.

* He had been of counsel in the case.

2. It must be presumed that it took jurisdiction on that ground.

3. It was then a court of general jurisdiction. Its decree must be presumed to be right until reversed, and cannot be collaterally assailed.

4. Upon the facts found by the verdict, the law is for the purchaser, W., and the plaintiffs can take nothing by their writ.

Error to judgment of circuit court of New Kent, rendered May 31st, 1879, against the defendants, in an action of ejectment brought by Cornelius H. Fillbates, Lightfoot T. Fillbates and Mary L. Whitney, children and heirs-at-law of Cornelius E. Fillbates, deceased, against James W. Woodhouse and his tenant, George T. Armistead, for the recovery of a tract of land lying in said county, called Marshfield, containing one thousand acres, more or less, which, under a decree of the county court of said county, rendered in 1860, to which plaintiffs, then infants, were parties, had been upon regular proceedings sold to said Woodhouse, the sale confirmed, the purchase money paid, and the deed made and recorded. The jury found the facts, and thereupon the circuit court gave judgment for the plaintiff; to which the defendant, Woodhouse, obtained a writ of error and *supersedeas.*

*W. W. Gordon,* for the appellant.

*M. B. Seawell, J. F. Hubbard,* and *Wickham & Page,* for the appellees.

HINTON, J., delivered the opinion of the court.

The jury, in the special verdict which they returned, found that Cornelius E. Filbates died intestate, and seized and possessed of the tract of land in the county of New Kent, called Marshfield, in the declaration claimed as unlawfully withheld; that the plaintiffs, Cornelius H. Fillbates, Lightfoot T. Fillbates and Mary L. Whitney, are the children and only heirs of the said Cornelius E.; that Harriet L. Fillbates, who was the mother

of the plaintiffs, qualified as administratrix of the said Cornelius E. Fillbates, and that·she, in her own right and as such administratrix, in the year 1860, instituted a suit in the county court of New Kent, against the defendants in error, who were then infants. The special verdict sets out the two first decrees entered in the cause in full, and then goes on to say that it appears from the order book or minutes of the said county court that the report referred to in the decree of January 10th, 1861, was a report by the special commissioners of their sale of the real estate to James Woodhouse (the plaintiff in error); that the said report of sale was, by that decree, confirmed, and that the commissioners were authorized to collect the deferred instalments of purchase money. It then finds that, it appears from the same source, that by a decree of 1862 the purchaser was permitted to anticipate the deferred payments of the purchase money, and that upon payment thereof, Cyrus A. Branch, who was appointed special commissioner for the purpose, conveyed the said real estate, called Marshfield, to the said Woodhouse. The deed is set out at length, and the fact of its admission to record found, and then the verdict concludes as follows:

Now, if upon the whole facts proved, the law be for the plaintiffs, then we find upon issue joined for the plaintiffs, the premises in the declaration mentioned according to the description and boundaries in the declaration mentioned; that the plaintiffs, Cornelius H. Fillbates and Lightfoot T. Fillbates, are each entitled to one undivided third part thereof in fee, and that the plaintiffs, Stephen Whitney and Mary L. Whitney, his wife, are entitled to the other undivided third part thereof in right of the said Mary L. And if, upon the whole facts proved, the law be for the defendant, then we find upon the issue joined for the defendant, James Woodhouse.

Upon this special verdict the circuit court of New Kent entered a judgment for the plaintiffs; and to this judgment a writ of error was awarded by one of the judges of this court.

The record of the suit of *Fillbates, administratrix, &c.* v. *Fill-*

*bates and others,* is necessarily defective, the bill, reports and some of the decrees having been destroyed by fire in the late war, and what is set out in the special verdict in this suit is all that is left thereof. But from what we have before us we are of opinion that the circuit court erred in rendering a judgment for the plaintiffs, and that upon the special verdict judgment should have been rendered for the defendant, Woodhouse.

The contention of the defendants in error, and the assumption upon which the circuit court proceeded in rendering its judgment is, that the county court had no jurisdiction to sell the real estate of infants, and therefore that the decree of sale was void, and the conveyance confers no title upon the purchaser.

But in this respect both the defendants in error and the circuit court are mistaken. For whilst it is admitted that the county court did not at the time these proceedings were instituted have jurisdiction of suits brought by guardians to sell the real estate of infants to promote the interests of such infants, nor of suits brought for the purpose of making partition where the shares of such infants exceeded in value the sum of $300. Yet, it not only cannot be denied, but must be conceded, that the county court did have jurisdiction to sell such real estate for the purpose of paying the debts of the ancestor from whom it descended. Va. Code, 1849, ch. 157, § 3; Va. Code, 1849, ch. 131, § 3 and 4; Va. Code, 1860, ch. 131, § 3 and 4; Va. Code, 1860, ch. 157, § 16; Rep. of Rev's, ch. 131, § 4. And being a court of general jurisdiction for this purpose, every presumption must be made in favor of its proceedings when collaterally attacked. And unless want of jurisdiction or fraud be made conclusively to appear, its decrees will be sustained. Especially will this rule be rigidly applied whenever from the loss or destruction of any part of the record there is difficulty in discovering the grounds upon which jurisdiction has been taken in a particular case, and the danger of doing injustice is imminent. In every such case, if there be any ground upon which the court could rightfully have taken cognizance of the case, this court will presume that it was as-

sumed upon that ground, unless it be made affirmatively to appear by the record that it was taken on some other and different ground. And if in any case it appears from what remains of the record doubtful what was the real ground upon which it took jurisdiction, and it shall also appear from the proceedings that there were several grounds upon which the court seemingly acted, it will be assumed by this court that cognizance was taken upon that one of the grounds which would give jurisdiction, if any such there be, and not upon either of the others.

Now if these principles which seem to us not only to be sound in law, but to be justified by every dictate of policy and justice, be applied to the facts found by the special verdict, it will at once be seen that the county court had jurisdiction of the subject-matter and of the parties, and so had jurisdiction of the case. *Fisher* v. *Bassett*, 9 Leigh, 139 ; *Andrews* v. *Avory*, 14 Gratt. 237; Freeman on Judgments, sections 118 *et seq.*

As we have before shown, the county court was invested by law with a general jurisdiction in cases where real estate was to be sold for the payment of the debts of the decedent, and the special verdict shows that this was a suit for that very purpose ; that it was defended ; that the land was decreed to be sold ; and that the appellant, Woodhouse, is, as is conceded, a *bona fide* purchaser thereof. If all this be true, as it certainly is, the decrees of the county court are valid and binding until reversed on appeal, and cannot be collaterally assailed, as the effort is made to do here. *Pulaski Co.* v. *Stuart, Buchanan & Co.*, 28 Gratt. 879 ; *Lancaster* v. *Wilson*, 27 Gratt. 629 ; *Cox and als.* v. *Thomas's administratrix*, 9 Gratt. 323.

It is no doubt true, as the appellees contend, that one of the reasons which moved the county court to sell this land was, that it thought the infant defendants would be benefitted by the substitution of the land in place of the slave property, but that circumstance cannot affect the views we take of this case, because the paramount object for which that suit was brought,

and for which the county court decreed the sale of the land being, as on the principles hereinbefore announced, we must assume it was *for the payment of debts,* for which it certainly had jurisdiction, that jurisdiction cannot be ousted or affected by these additional objects which that court may have had in view.

Any other conclusion than this, at which we have arrived, would be greatly to be deprecated. For, to adopt the language of this court in *Lancaster* v. *Wilson, supra,* "if, after the rendition of a judgment by a court of competent jurisdiction, ánd after the period has elapsed when it becomes irreversible for error, another court may, in another suit, enquire into the irregularities or errors in such judgment, there would be no end to litigation, and no fixed established rights. A judgment, though unreversed and irreversible, would no longer be a final adjudication of the rights of litigants, but the starting point from which a new litigation would spring up; acts of limitations would become useless and nugatory; purchasers in the faith of judicial process would find no protection; every right established by a judgment would be insecure and uncertain, and a cloud would rest upon every title. For these reasons, I am of opinion that the judgment should be reversed and a judgment entered for the defendant.

The order was as follows:

This day came again the parties, by their counsel, and the court having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court erred in giving a judgment upon the special verdict found by the jury in favor of the plaintiffs in the court below (the defendants in error here). It is, therefore, considered that the said judgment be reversed and annulled, and

that the plaintiff in error recover against the defendant in error his costs by him expended in prosecuting his said writ of error here.

And this court proceeding to render such judgment as the said circuit court ought to have rendered, it seems to the court that the law is for the plaintiff in error; therefore, it is considered by the court that the defendants in error take nothing by their bill, and that the plaintiff in error go thereof without day, and recover against the said defendants in error his costs in the said circuit court expended.

Which is ordered to be certified to the said circuit court of the county of New Kent.

JUDGMENT REVERSED.