## BEATTIE v. WILKINSON et al.

*(Circuit Court, W. D. Virginia. October 29, 1888.)*

1. **LIMITATION OF ACTIONS—RUNNING OF THE STATUTE—MARRIED WOMEN.**

   Plaintiff's interest in an estate was on partition thereof assigned to the purchaser at bankrupt sale of her husband's life-estate, who had also bought plaintiff's interest. *Held,* that the statute of limitations did not run against her right of action arising out of the nullity of her deed and of the partition proceedings until the termination of her husband's life-estate, which had vested in the purchaser and his vendees.

2. **WRITS—SERVICE OF PUBLICATION—SUFFICIENCY—COLLATERAL ATTACK.**

   A recital in a decree that the order of publication awarded against the absent defendants had been duly posted and published must, on a collateral attack, be received as evidence that the statutory requirements as to orders of publication had been observed, the original process, order of publication. and other papers having been lost from the files.

3. **JUDGMENT—RES ADJUDICATA.**

   The partition having been made by a circuit court which, under Code Va., 1849, c. 124, § 1, had jurisdiction of the subject-matter, and authority to take cognizance of all questions of law affecting the legal title, in a proceeding in which it had acquired jurisdiction of the parties, and in which plaintiff's deed to the purchaser of her interest was in evidence, the sufficiency of that deed to convey that interest is *res adjudicata,* though plaintiff was not personally served with process, and did not appear.

In Equity. On final hearing. Bill for partition, brought by Ann Beattie against Samuel Wilkinson and others.

*F. B. Hutton,* for plaintiff.

*A. M. Dickinson* and *A. P. Cole,* for defendants.

PAUL, J. This suit is brought by the plaintiff for the partition and the assignment of an interest claimed by her in certain lands in Smyth county, Va. The cause presents the following state of facts: Joseph Scott, of Smyth county, died in the year 1842, intestate, and seized of considerable real estate. He left a widow, Ann Scott, and six children, his heirs at law, viz., William Scott; John H. Scott; Elizabeth, who intermarried with James Porter; Rachel, who intermarried with Hiram Greever; Isabella, who intermarried with James Higginbotham; and Ann, the plaintiff in this suit, who intermarried during the life-time of her father, the said Joseph Scott, with James C. Beattie, now deceased. In 1843 William Scott purchased the interest of James Porter and wife in the said real estate of Joseph Scott, deceased. In the same year John H. Scott purchased the interest of Greever and wife in said lands, and at a bankrupt sale bought the life-estate of James C. Beattie in the interest of his wife, the plaintiff here. And in December, 1843, the plaintiff

sold to the said John H. Scott, at the price of $650 cash, and the further consideration that the said John H. Scott should pay her proportion of any debts that should come against the estate of Joseph Scott, deceased, her interest in said lands, for which she executed and acknowledged a deed, but in which deed her husband, James C. Beattie, did not join; he being at that time a non-resident of the state of Virginia. This deed was not put on record. In July, 1847, said John H. Scott brought a chancery suit in the circuit court of Smyth county for a partition of the lands of said Joseph Scott, deceased. To this suit he made the widow of Joseph Scott, deceased, and all other parties in interest, including the said James C. Beattie and his wife, the plaintiff in this suit, parties defendant. The said James C. Beattie and wife being non-residents, were proceeded against by order of publication in the manner provided by the statute of Virginia in case of non-resident defendants. In his bill the said John H. Scott claimed as his interest in said lands his own share and the interests of Greever and wife and of Beattie and wife, and filed his deeds therefor as exhibits with his bill. At the October term, 1847, a decree was entered in said cause appointing commissioners to make partition of said lands, directing them to assign dower to the widow of said Joseph Scott, deceased, and directing that in the assignment of the residue of said lands they should "allot to John H. Scott the interests of Hiram A. Greever and wife and James C. Beattie and wife, which has been conveyed to him by deeds." In January, 1848, the commissioners made their report to the court, in which they assigned the interests of Greever and wife and of Beattie and wife to John H. Scott, in addition to his own interest. At the May term, 1848, of the circuit court of Smyth county, the report of the commissioners was affirmed, and the decree of affirmation directed the execution of mutual deeds of conveyance by Higginbotham and wife and John H. Scott and Susannah Scott, one of the heirs of William Scott, deceased, and appointed P. S. Buchanan a commissioner, to make a conveyance on behalf of the infant children and heirs of William Scott, deceased, which he did. The record fails to show whether the other deeds of mutual conveyance were made or not. The suit in Smyth county circuit court, though ordered to be stricken from the docket by the decree at May term, 1848, appears to have remained on the docket until the August term, 1866. The children, heirs at law of Joseph Scott, deceased, are all dead, except the plaintiff. The land assigned to John H. Scott by the decree of the circuit court of Smyth county, is now owned by Alexander Richardson, E. M. James, and others, who claim to be purchasers for value. The plaintiff in this suit asks to have assigned to her one-third of the land allotted and assigned to John H. Scott by the decree and proceedings of the circuit court of Smyth county.

The plaintiff, in support of her right to recover one-third of the land assigned to John H. Scott in the suit in Smyth county, being one-sixth interest in the estate of her father, Joseph Scott, deceased, relies on the following grounds: *First*, that she and her said husband, James C. Beattie, were not made parties defendant to said partition suit in Smyth

county, and that she is not bound by the decrees and proceedings of that suit; and, *second*, that if she and her husband were made parties, that the deed which she executed to John H. Scott, conveying her interest in her father's estate, was null and void, because her husband failed to join in the execution of the deed, and because the same was not recorded as required by the statute of Virginia, prescribing how a deed to land by a married woman shall be executed, (Code Va. 1849, §§ 4, 5;) that her deed to John H. Scott being void, no title passed to him by said deed, nor could any pass to him under the decrees and proceedings of the chancery suit for partition in the circuit court of Smyth county.

It is insisted on the part of the defendants that the right of the plaintiff to bring this suit is barred by the statute of limitations of entry on, or action to recover, land. Chapter 146, §§ 1, 4, 5, Code Va. 1873. Section 1 provides that "no person shall make an entry on, or bring an action to recover any, land  *  *  *  but within ten years next after the time at which the right to make such entry or bring such action shall have first accrued to himself, or to some person through whom he claims." Section 4 provides:

"If at the time at which the right of any person to make entry or to bring an action to recover land shall have first accrued, such person was an infant, married woman, or insane, then such person, or the person claiming through him, may, notwithstanding the said period mentioned in the first section shall have expired, make an entry on and bring an action to recover such land within ten years next after the time at which the person to whom such right shall have first accrued as aforesaid shall have ceased to be under such disability as existed when the same so accrued, or shall have died, whichever shall first have happened."

Section 5 provides:

"The preceding section is subject to these provisions: That no such entry or action shall be made or brought by any person, who, at the time at which his right to make or bring the same shall have first accrued, shall be under any such disability, or by any person claiming through him, but within thirty years next after the time at which such right shall have first accrued, although the person under disability at such time may have remained under the same during the whole of such thirty years, or although the term of ten years from the period at which he shall have ceased to be under any such disability, or have died, shall not have expired; and when any person shall be under any such disability at the time at which his right to make an entry or bring an action shall have first accrued, and shall depart this life without having ceased to be under any such disability, no time to make an entry or to bring an action beyond the time prescribed in the first section next after the right of such person shall have first accrued, or the ten years next after the period of his death, shall be allowed by the reason of the disability of any other person."

The defendants claim that the plaintiff's right to bring this suit is by the foregoing provisions of the statute barred by a lapse of 30 years, and this notwithstanding she was under the disability of coverture during the whole of that time. They insist that her right of action accrued in 1842, and that she did not institute her suit until the year 1886, a period of 44 years having passed from the time she might have brought it, and that, after deducting the time during which the Virginia stay law

was in existence, which suspended the operation of the statutes of limitation a period of about 8 years, still 36 years had elapsed before the commencement of the suit. To determine this question it is necessary to ascertain when the plaintiff's right to make an entry on, or to bring an action to recover, the land in controversy first accrued. The court is very clearly of the opinion that this right first accrued to the plaintiff on the death of her husband James C. Beattie, which, as the evidence shows, occurred in July, 1877. The life-interest of her husband in said land was sold in 1843, by Gibboney, assignee in bankruptcy, to John H. Scott, and continued in said Scott and his vendees until the death of the husband. The plaintiff was not entitled to possession of the land until after the death of her husband. The right to make entry on, or to bring an action for the recovery of, land first accrues to the remainder-man on the termination of the life-estate. *Ball* v. *Johnson's Ex'rs*, 8 Grat. 281; *Hope* v. *Railroad Co.*, 79 Va. 283, 289.

The defendants, in answer to the allegation in the plaintiff's bill that she and her husband, James C. Beattie, were not made parties to the proceedings in the partition suit of John H. Scott *v.* Joseph Scott's widow and heirs, in the circuit court of Smyth county, and that there were no legal proceedings as to her, rely upon the recitals in the decree entered in said suit October 6, 1847, to show that she and her husband were duly summoned by order of publication. It appears that the original process, the order of publication, if any, and other papers, have been lost from the files of the chancery suit in Smyth county. The decree of October 6, 1847, as to the order of publication says:

"And the order of publication awarded against the absent defendants having been duly posted and published, and the subpœnas against the other defendants having been returned executed more than two months since, and all the said defendants failing to answer, the bill is taken for confessed as to them."

The plaintiff in her bill states she and her husband were at the time of the institution of that suit citizens of the state of Missouri, and of course absent defendants. So far as the records in that suit, and the proceedings in this, show, all of the other defendants in that suit were residents of the state of Virginia. The recital in the decree that the order of publication was duly posted and published, must be received as evidence, that the statutory requirements as to orders of publication were complied with, and is conclusive of the fact that the plaintiff was made a party defendant to the suit in Smyth county. This is established by numerous decisions.

In *Craig* v. *Sebrell*, 9 Grat. 131, on an appeal from the circuit court, it was held in the case of an absent defendant, that when the decree recited that the cause came on to be heard as to him on the bill, answer, exhibits, etc., and an order of publication duly executed, this was conclusive that the order had been made, published in the newspaper, and posted at the front door of the court-house. If the recital in a decree of service of notice be sufficient on an appeal to a court of errors, it surely cannot be successfully assailed in a collateral suit. In another case of

appeal,—*Hill* v. *Woodward*, 78 Va. 765,—in which the question of a want of notice is very elaborately discussed, it was held that the failure of the record to show affirmatively that notice had been given was insufficient to impeach it, and that the burden of showing want of notice is upon the party alleging that he was not properly made a party to the suit. Numerous cases are cited in support of this position. As to recitals in record of facts necessary to give jurisdiction see *Comstock* v. *Crawford*, 3 Wall. 396; *Wilcher* v. *Robertson*, 78 Va. 602. See, also, *Cooper* v. *Reynolds*, 10 Wall. 308; *Pennoyer* v. *Neff*, 95 U. S. 714.

The order of publication, being duly executed as to the absent defendants Beattie and wife, gave the court jurisdiction of all the parties and of the subject-matter of the suit. It is not contended that the court was without authority to decree a partition of the lands of Joseph Scott, deceased, among the persons entitled thereto. It must be conceded that, under the provisions of Code Va. 1849, §§ 1–3, c. 124, the court had jurisdiction to decree a partition of the lands by allotment, by metes and bounds, or by a sale of the lands, and division of the proceeds. Section 1 of said chapter says: "The court, in the exercise of such jurisdiction, may take cognizance of all questions of law, affecting the legal title, that may arise in any proceeding." The court having jurisdiction of the parties and of the subject-matter of the suit, and the authority to take cognizance of all questions of law affecting the legal title that might arise in the proceedings, we are brought to the consideration of the question: Is it in the power of this court to pass upon the correctness of the decisions, decrees, orders, and proceedings of the circuit court of Smyth county, in the case of John H. Scott v. Joseph Scott's widow and heirs, wherein the court decreed that the interest of the plaintiff in this suit in the lands of her father, Joseph Scott, deceased, and for which she is suing here, was the property of her brother, John H. Scott, and which was accordingly assigned to him by commissioners appointed by the court, which assignment was reported to and confirmed by the court? It is well settled by numerous authorities, that when a court has jurisdiction of the parties and of the subject-matter of litigation, and it has not exceeded its jurisdiction, or acted beyond its authority, the correctness of its judgments, decrees, or proceedings cannot be inquired into collaterally. We will quote briefly from a few of the many cases in which this principle has been distinctly recognized:

"When a court has jurisdiction, it has a right to decide every question which occurs in the case; and, whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But, if it act without authority, its judgments and orders are regarded as nullities." *Elliott* v. *Peirsol*, 1 Pet. 328.

In another case the court said:

"The record of this case is introduced collaterally as evidence of title in another suit, between other parties, and before a court which has no jurisdiction to reverse or set aside that judgment, however erroneous it may be. Nor can it disregard that judgment, or refuse to give it effect, on any other ground than a want of jurisdiction in the court which rendered it." *Cooper* v. *Reynolds*, 10 Wall. 308.

The same court, in another decision, said:

"And, in considering the grounds on which it is sought to repel the bar of this decree, we must disregard at once all that do not attack the jurisdiction of the court over the cause or the parties. It cannot be assailed collaterally for mere error." *Colt* v. *Colt*, 111 U. S. 566, 4 Sup. Ct. Rep. 553.

The following is from a decision of the Virginia court of appeals:

"No matter how irregular or how erroneous may have been the proceedings in that suit, they cannot be inquired into in this. That would be to assail collaterally the judgment of a court of record which had jurisdiction of the parties and of the subject-matter. This can never be done." *Lancaster* v. *Wilson*, 27 Grat. 624.

See, also, *Woodhouse* v. *Fillbates*, 77 Va. 317; *Wimbish* v. *Breeden,* Id. 324; *Wilcher* v. *Robertson*, 78 Va. 602; *Hill* v. *Woodward*, Id. 765; *Avgno* v. *Schmidt*, 113 U. S. 293, 5 Sup. Ct. Rep. 487; *Cox* v. *Thomas' Adm'x*, 9 Grat. 323; *Cline's Heirs* v. *Catron*, 22 Grat. 378; *Wilson* v. *Smith*, Id. 493. In the light of this unbroken line of decisions it is not in the power of this court to pass upon the validity of the deed from the plaintiff to her brother, John H. Scott, conveying to him her interest in her father's estate. That deed was in evidence in the suit of Scott v. Scott's widow and heirs in the circuit court of·Smyth county. Whether it was accompanied by other testimony the record does not show, and it is immaterial. That court decided that the deed conveyed the plaintiff's interest in her father's lands to John H. Scott, decreed the assignment of the same to said Scott, which was done, and the assignment confirmed by the court. Whatever errors were committed by that court were matters to be corrected on appeal. Its decisions cannot be called in question in this collateral way. The plaintiff's bill must be dismissed. This conclusion of this cause is not only in accordance with well-settled legal principles, but is in harmony with the demands of substantial justice. The plaintiff has once received pay for the land which she claims in this suit. It would be a great hardship on the present owners of the land to require them to surrender it to the plaintiff, they being innocent purchasers for value without notice. A decree will be entered dismissing the bill, with costs to the defendants.