## JONES v THIELE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1403.    Decided Dec 2, 1936

Thomas, Hyers, Leyland & Stewart, Dayton, for appellant.

James & Coolidge, Dayton, for appellee.

## OPINION

By THE COURT

The above entitled cause is now being determined on appeal from the judgment of the Court of Common Pleas of Montgomery County, Ohio. The cause originated in the court of M. H. Heck, Justice of the Peace of Madison Township, Montgomery County, Ohio, wherein the plaintiff, Mary Adele Jones on November 20, 1935 filed her complaint in the nature of forcible entry and detention against the defendant Carl L. Thiele, Jr., seeking restitution and possession of lots 6273, 6274 and part of inlot 6272 on the revised plat in the city of Dayton, located on 530 N. Main Street.    Summons was issued from the court of the said Justice, M. H. Heck to the constable of Madison Township and personal service was had on Carl L. Thiele, Jr., on December 2, 1935.    From the transcript of docket and journal entries, it appears that attorney for defendant requested and obtained a continuance of the cause to December 10, 1935.    On December 10, 1935, by agreement of counsel, the cause was again continued until Wednesday, December 11, 1935, at 2 o'clock.    The judgment entry bears date December 11, 1935 and reads as follows:

"December 11, 1935.    This day this cause came on to be heard and the plaintiff appearing through her attorney and agent and the defendant appearing in person and through his attorney and after swearing the witnesses and heard all the evidence and motions of defendant which were duly overruled, the court upon consideration of all the testimony and evidence and the pleadings in the case finds therefrom that the plaintiff should have restitution of the premises described in her bill of particulars.

WHEREFORE, it is ordered, adjudged and decreed that plaintiff be awarded judgment and restitution of the property described in her bill of particulars and for her costs herein."

On December 13, 1935, defendant on leave of court filed his petition in error in the Common Pleas Court wherein the following claimed errors were set forth.

"First: Said Justice of the Peace did not have jurisdiction to render a judgment against this plaintiff in error.

"Second: That the judgment rendered by the Justice of the Peace in favor of defendant in error and against plaintiff in error is contrary to law as shown in the bill of exceptions, said judgment being void."

The transcript of docket and journal entries together with the original papers attached are in all respects regular and the claimed error is not manifest therein. A bill of exceptions was filed in the Common Pleas Court on December 13 and on December 16 an amended bill of exceptions. It is specifically stated in the original bill of exceptions as well as the amended bill that only part of the proceedings before the Justice of the Peace were incorporated. The pertinent portion of the amended bill of exceptions and upon which appellant predicates his present appeal is set out in full and reads as follows:

"On December 10, 1935, it was agreed by the parties that such trial should be held in the office of the Justice of the Peace in the U. B. Building, Dayton, Ohio, rather than at his office in Madison Township, Montgomery County, Ohio. Said cause came on to be heard before the said Justice of the Peace in and for Madison Township, Montgomery County, Ohio, Matthias H. Heck, in his law office in the U. B. Building, Dayton, Ohio, on December 11, 1935, at approximately 3:00 o'clock P. M."

It was urged in the Common Pleas Court that the Justice of the Peace lost jurisdiction of the entire cause when he by consent of all parties heard the evidence in the case in his office in Dayton, Ohio, which was outside the bounds of Madison Township, the latter being the township for which he was elected and serving as such Justice. When the cause came up for hearing before a judge of the Common Pleas Court, Montgomery County, the same was heard on the petition in error, transcript of docket and journal entries, the original and amended bill of exceptions, the arguments and briefs of counsel and the finding and judgment of the court was thereafter journalized, the pertinent portion of which reads as follows:

"Upon consideration thereof the court finds that the justice had jurisdiction of the person of the defendant below and of the subject matter of the action; finds that said justice erred in hearing the cause in his office in Dayton, Ohio, rather than in Madison Township.

"It is accordingly ordered, adjudged and decreed by the court that said judgment of the Justice of the Peace of Madison Township be and it hereby is reversed at the cost up to this time of defendant in error. The court further finds that this cause comes within the provisions of §12246 GC and the same accordingly hereby is retained and ordered on the trial docket for final judgment. To all of which findings and orders defendant in error by her counsel hereby excepts. Bond heretofore given is hereby released."

Thereafter the cause came on to be heard on the merits by virtue of retention claimed to be provided for under the above §12246 GC. The cause was tried to a jury and resulted in a verdict for the plaintiff and against the defendant. Motion for new trial followed within the statutory period. The same was overruled and judgment entered on the verdict awarding restitution of the premises to the plaintiff, appellee. Also judgment for costs was awarded against the defendant, appellant. The appeal in this court is on a question of law. The only error complained of is that the Common Pleas Court erred in retaining the cause for trial and final judgment after reversing the judgment of the Justice of the Peace.

There has been cited and we have considered the following pertinent sections of the general Code of Ohio, §§12246, 10223, 10224 and 13422 GC.

Also there has been cited the following decisions of Ohio Courts:
K. B. Co. v Brenner, 21 Ohio Dec. 668.
Bucilli et v Hoffman et, 3 Oh Ap 85.
Steel v Karb, 78 Oh St 376.
Stark v Treat, 6 C.C. (N.S.) 286.

From a casual examination of the cases cited there might appear to be a conflict in some of these reported cases.

A careful analysis of the facts in the several cases leaves great doubt as to whether or not there is any conflict. Of course, the decision from a Nisi Prius Court is not binding, but if well considered this court has no aversion to following its reasoning. To a lesser degree the same observation might be made as to decisions by the old Circuit Court and to a still lesser degree,

252

decisions of the Court of Appeals of other districts. Of course, the decisions of the Supreme Court of this state are the accepted precedent to be followed unless the case being decided is to be distinguished on its facts.

Sec 12246 GC reads as follows:

"Sec 12246 GC. REVERSAL ON ACCOUNT OF JURISDICTION. Except when the justice has no jurisdiction of the plaintiff in error or of the subject of the action, the cause shall be retained by the court for trial and final judgment as in cases of appeal."

This is the section upon which the Common Pleas Court predicated its holding and judgment continuing the cause for futher hearing after finding that the justice erred in hearing the case in his office in Dayton, Ohio, rather than in Madison Township. Counsel for plaintiff, appellee, herein, took exceptions to the above finding and judgment. It will be noted that the Common Pleas Court in its finding as contained in the journal entry concluded that the justice had jurisdiction of the person below and of the subject matter of the action.

It is the claim and contention of counsel for defendant appellant that the judgment of the Justice of the Peace was absolutely void and that thereby there was no predicate upon which the Common Pleas Court could hold the cause for hearing the same as upon an appeal.

This contention is based primarily on the provisions of §10223 GC which reads as follows:

"Sec 10223 GC. JURISDICTION IN GENERAL. Unless otherwise directed by law the jurisdiction of the justice of the peace in civil cases is limited to the township wherein they have been elected and wherein they reside. No justice of the peace shall hold court outside of the township for which he was elected."

Counsel for plaintiff, appellee, cite §10224 GC which latter section he contends is in par materia with §10223 GC and extends the jurisdiction of the Justice of the Peace in certain cases co-extensive with their respective counties.

The pertinent portion of this section reads as follows:

"Sec 10224 GC. JURISDICTION IN PARTICULAR. Justices of the Peace within and co-extensive with their respective coun-

ties shall have jurisdiction and authority; * * *

5. To try the action of forcible entry and detention or the detention only of real property * * *."

The earliest reported case having a direct bearing on this issue is that of Stark v Treat et (Cuyahoga County), 6 C.C. (N.S.) 286. The above cited case was decided November 7, 1904. From the statement of the case it would appear that action was originally properly filed before the Justice of the Peace in the township where he lived and in which he was elected. Process was issued from this township and all proceedings were had therein until the time of trial. By consent of all parties in the case the testimony was taken in the City of Cleveland in same county. The judgment was entered upon the docket of the justice of the proper township. The court rendering the opinion made the observation that it did not appear whether the actual writing was done in the proper township but this would be immaterial. The court in the opinion makes the following statements:

"The only question is, may a justice of the peace, having jurisdiction of the subject matter by consent of all parties hear the evidence and arguments outside of the township in which he lives and for which he was elected."

The syllabus in the case reads as follows:

"A justice of the peace having jurisdiction of the subject matter may by consent of all the parties hear the evidence and arguments outside of the township in which he resides and for which he was elected."

No reference is made as to the nature of the action but we assume from the fact that no reference is made thereto that it was not one where the jurisdiction of the justice was coextensive with the county. With this exception, the case seems to be on all fours with the instant case, although the question was raised by injunction instead of by error. In the reported case just as in the instant case, the claim was made that the judgment was void on the claimed reason that the justice lost his jurisdiction when he had the hearing in a township other than the one in which he resided and for which he was elected. We think this case is founded on a rule

of reason and unless other cases require a contrary finding, we are constrained to follow the precedent thus laid down in this Circuit Court case.

**Headnote 1.**

We are referred to another Cuyahoga County case decided by the Common Pleas Court October 6, 1911 entitled **K. B. Company v Brenner, 21 O. Dec. 666.** The original action before the justice of the peace was in attachment. Then as now, the jurisdiction of the justice of the peace in attachment cases was co-extensive with the county. From the statement of the case, it appears that the justice of the peace lived in the township of Rockwort, Cuyahoga County, Ohio. The original actions were not brought in Rockwort Township but in Cleveland Township where the justice maintained an office and transacted business. All the original papers were filed with the justice in his said office in Cleveland Township and not in Rockwort Township. Following the commencement of the action, process was issued from the Cleveland office and all the proceedings thereafter had at the Cleveland Township location. From the pleadings it did not appear that judgment was entered on the docket of the justice of the peace in Rockwort Township. There was no express consent by the parties that any part of the proceedings might be had in Cleveland Township. On page 677 of the opinion it clearly appears that the Common Pleas Court in deciding the case had in mind that a contrary determination might be required had the record disclosed the consent of the parties to the actual trial being conducted in Cleveland Township. The statement is made that there is not only an absence of direct consent but that such can not be inferred from the state of facts. Syllabus four reads as follows:

"4. Knowledge by plaintiff in attachment that a justice of the peace issuing a writ was a justice of the peace in a township other than that in which the proceedings were instituted is not equivalent to consent that such officer might hear the case throughout the county."

The finding of the court was that the judgment of the justice of the peace was null and void. It appears at once that the case is to be distinguished from the instant case in its facts. In the case at bar consent is admitted.

We are also referred to the case of **Bucilli et v Hoffman et, 8 Oh Ap 85.** Decision in this case was rendered March 15, 1918. The action was one for forcible entry and detainer. The justice of the peace was a resident of and elected for the township of Boardman, Mahoning County, but maintained an office in the City of Youngstown, which latter city was outside the bounds of Boardman Township. All the papers were filed and proceedings had in the office of the justice in Youngstown and not Boardman Township. No question of consent was involved in the case. Jurisdiction was claimed solely on the ground that §11224 GC granted jurisdiction to the justice of the peace co-extensive to the county. The Court of Appeals decreed the judgment to be void. The facts distinguishable from the instant case are apparent.

We also have been referred to the case of **Steel v Karb, Sheriff, 78 Oh St 376.** This case was decided in 1908. The action was one in habeas corpus. The plaintiff, Steel, had been arrested on a warrant issued by a justice of the peace in and for Perry Township, Franklin County, charging Steel with unlawfully hunting upon the farm lands of Mary E. Hess without first securing written permission so to do. Through the evidence it was developed that the justice of the peace conducted the proceedings, took the plea of guilty and sentenced the prisoner without the bounds of Perry Township although within the bounds of Franklin County. The sole question for consideration was one of jurisdiction of the justice of the peace. The section granting jurisdiction to justices of the peace in criminal cases was then §610 Revised Statutes, now identical in language with §13422-2 GC. This section reads as follows:

"Sec 13422-2 GC. GENERAL JURISDICTION OF JUSTICES OF THE PEACE. A justice of the peace shall be a conservator of the peace and have jurisdiction in criminal cases throughout the county in which he is elected and where he resides, on view or on sworn complaint, to cause a person, charged with the commission of a felony or misdemeanor, to be arrested and brought before himself or another justice of the peace, and, if such person is brought before him, to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance or otherwise dispose of the complaint as provided by law. He also may hear complaints of the peace and issue search warrants."

254

The judgment of the court as announced through its syllabus reads as follows:

"Under the provisions of §610, Revised Statutes, a justice of the peace, has 'jurisdiction in criminal cases throughout the county in which he is elected and where he resides' and his authority to hear and dispose of a criminal case in the manner prescribed by the statute, is not limited to the township for which he is elected and where he resides."

The query naturally arises whether or not the decision of the Supreme Court holding that justices of the peace in criminal cases, have jurisdiction throughout the county in which he is elected and where he resides, may by analogy be given application to the provisions of §10224 GC wherein the Legislature says a justice of the peace in certain enumerated cases has jurisdiction co-extensive with their county. We do not find it necessary to make a finding on this question under the facts in the instant case. We are constrained to follow the rule as announced in Stark v Treat et, 6 C.C. (N.S.) 286.

Arriving at the above conclusion it is at once apparent that it is our view that the Common Pleas Court was in error in its judgment finding that the justice of the peace erred in hearing the cause in his office in Dayton, Ohio, rather than in Madison Township. The consent of all parties to the hearing waived the claimed error.

Counsel for plaintiff in the justice court, defendant in error in the Common Pleas Court, took exception to this order and judgment of the court. Counsel for defendant in the justice court, plaintiff in error in the Common Pleas Court, took no exception to the finding and judgment of the Common Pleas Court. This judgment was entered February 7, 1936. It was after the effective date of the new procedural act. Neither side filed notice of appeal from this judgment of February 7.

The Common Pleas Court retained the case and the same was tried to a jury resulting in the same finding as in the justice court. Judgment was thereafter entered in conformity to the verdict. This action of the Common Pleas Court was invoked through the error proceedings of the plaintiff in error. The final judgment in the Common Pleas Court is now effective.

Appeal of Carl L. Thiele, Jr., will be dismissed at his costs.

Exceptions will be allowed.

CRAIG, PJ, BARNES and HORNBECK, JJ, concur.